# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) Jury Trial Demanded |
| JEFFERSON CITY PUBLIC SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Robert Jones ("Mr. Jones"), by and through his attorneys, brings this causes of action against Defendant Jefferson City Public Schools ("Defendant Jefferson City Public Schools") for appropriate legal and equitable relief for violations of the Equal Pay Act of 1963, 29 U.S.C. §206(d), as amended (the "Equal Pay Act").

## THE PARTIES

1. This is a cause of actions are for legal and equitable relief.

2. Plaintiff is a resident of Cole County, Missouri, residing at 2033 W. Main Street, Jefferson City, Missouri.

3. Plaintiff was an employee of the Defendant Jefferson City Public Schools at all relevant times.

4. Defendant Jefferson City Public Schools is public school district organized and existing under the laws of the state of Missouri and located in Cole County, Missouri.

5. Defendant Jefferson City Public Schools has the power to sue and be sued and to exercise such other and further powers as may be conferred by the Constitution or statutes of the State of Missouri.

6. Mr. Jones is a male.

7. Defendant Jefferson City Public Schools is an employer within the meaning of the Equal Pay Act.

## JURISDICITON AND VENUE

8. This Court has jurisdiction of Equal Pay Act causes of action pursuant to the provisions of 29 U.S.C. § 201, et seq. and 28 U.S.C. §§ 1331 and 1343.

9. The unlawful pay practices alleged in this complaint were committed within this judicial district.

10. Venue is proper within this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

11. On April 30, 2012, Mr. Jones received his social science 9-12 certification to teach from the Missouri Department of Elementary and Secondary Education.

12. Beginning in the 2014-2015 school year, Mr. Jones was employed by Defendant Jefferson City Public Schools as a "E2020 Supervisor" in the Jefferson City, High School.

13. Beginning in the 2014-2015 school year, Mr. Jones teaching responsibilities were to supervise a computer classroom wherein students worked independently to obtain credit for required coursework.

14. The number of students assigned to Mr. Jones classroom varied; however, it was usually between 15 to 35 students.

15. The job duties of the "E2020 Supervisor" during the 2014-2015 school year were as follows:

a. present to the pupils the most desired learning situations possible;

b. strive to assist each student in the full utilization of individual challenged assigned students to reach their full individual capabilities;

c. become familiar with the various appropriate courses of study and adapted teaching methods to the recommendations thereof;

d. Utilized the special personnel resources of the district where applicable to pupil needs or other assignment;

e. Inculcated in students, by example, and by instruction, a knowledge and loyalty to democratic processes in keeping with accepted concepts of citizenship;

f. Prepared all required records accurately and promptly and issued periodic progress reports;

g. participated, as required in the school's budgeting and ordering processes in accordance with adopted policies;

h. Became familiar with, and abided by system wide and local school regulations, particularly those governing the health, welfare, and safety of students;

i. gave careful attention to the cleanliness, ventilation, lighting, and temperature of the classroom and reported any unsatisfactory conditions in those particulars to my supervisor, and/or principal;

j. maintained orderly room conduct to effective learning and exercised wise control over the behavior of the students;

k. utilized accepted procedures in dealing with deviant behavior in order to give promise of being beneficial to the individual concerned and the classes in

general as long as such procedures were not inconsistent with statutes and local school regulations.

l.  sought the counsel of the principal and the specialized services available in the school district in situations where deviant behavior persisted and did not respond to standard/usual procedures.

m.  assisted the principal by assuming a proper share of responsibilities, as instructed, for administrative details within the school unit;

n.  assisted in the overall administration of the school system at large by participating through proper channels in a continuous evaluation of school purposes, policies, and achievements, as well as contributed to such revisions and extensions as, from time to time, appear to be desired/requested;

o.  Attended meetings called by the principal, as permitted, and was available for conferences with pupils or parents, before, during, or after school, as instructed; and,

p.  was available for other duties as assigned.

16. Prior to the 2014-2015 school year, Mr. Jones was provided a contract indicating that he was to be paid $25,000 for the year.

17. Mr. Jones questioned why his pay was not according to the teacher scale when his assigned duties included classroom duties and teaching.

18. The teacher's pay scale was significantly higher for teachers with Mr. Jones' education and experience.

19. After questioning his lower pay, Mr. Jones pay was reduced to $22,000 due to an alleged "error" in his contract.

4

20. Beginning in the 2015-2016 school year, the job duties of the "E2020 Supervisor" were as follows:

   a. implements instructional activities that contribute to a climate where students are actively engaged in meaningful learning experiences;

   b. identifies, selects/recommends, and modifies instructional resources to meet the needs of students with varying backgrounds, learning styles, and special needs;

   c. ensures that student growth and achievement is continuous and appropriate for age group, subject area, and/or program classification;

   d. provides a positive environment in which students are encouraged to be actively engaged in the learning process;

   e. supervises students as needed and/or as assigned;

   f. establishes and maintains cooperative working relationships and communicates effectively, both orally and in writing, with students, parents, and other professionals on a regular basis;

   g. effectively collaborates with peers to enhance the instructional environment;

   h. participate in proactive team efforts to achieve District, building, departmental and/or grade level goals;

   i. models professional and ethical standards as directed in board policy when dealing with students, parents, peers, and community;

   j. remains current on instructional practices in education and participates in training opportunities as established by building principal;

   k. meets professional obligations through efficient work habits such as: following meeting protocol, honoring schedules, meeting collaborative assignment deadlines;

   l. implements district initiatives in a timely and effective manner;

   m. maintains accurate, complete and effective records, including in electronic

5

format, as required by law, policy and regulation;

n.   compliance with FERPA, and all federal, state and local laws, policies and regulations;

o.   takes all necessary and reasonable precautions to protect students, equipment, materials and facilities; and,

p.   performs other related duties, as assigned, for the purpose of ensuring the efficient and effective functioning of the District.

21.   From the 2014-2015 school year to the present time, Mr. Jones has worked with special education students and English Language Learners consistent with the way classroom teachers handle such matters.

22.   Prior to each semester, Mr. Jones is provided a classroom roster that lists him as a teacher.

23.   Prior to each semester, students are assigned a class schedule that lists Mr. Jones as the classroom teacher.

24.   Mr. Jones is held out to the public as a teacher.

25.   All other staff members who have Mr. Jones' duties are paid under the teacher wage scale.

26.   Mr. Jones is the sole teacher within his classroom.

27.   Mr. Jones is assigned full authority in his classroom and does not report to any other teacher.

28.   At the time Mr. Jones was hired, the school administration acknowledged that the wage paid for the position was not consistent with the teacher's wage scale.

29.   After he was hired, Mr. Jones filed a grievance of the fact that he was not paid according to the teacher wage scale.

30. During the grievance procedure Mr. Jones met with the human resources director for Defendant Jefferson City Public Schools.

31. Commencing with the 2015-2016 school year Mr. Jones was given a raise to $30,000.

32. That wage was still below the wage paid to teachers under the teacher wage scale with Mr. Jones' degree and experience.

## COUNT I
**(Based upon information and belief, facts pled with particularity requiring full and complete disclosure pursuant to FRCP 26)**

**Violation of Equal Pay Act of 1963, as amended 29 U.S.C. 206(d)**

Mr. Jones, by and through her attorneys, and for Count I of his Complaint against the Defendant Jefferson City Public Schools under the Equal Pay Act of 1963, as amended, states as follows:

33. Mr. Jones hereby reiterates and incorporates by reference, as if fully set forth in this Count I each allegation contained in paragraphs 1 through 32 hereof.

34. Mr. Jones is a male and thus covered under the provision of the Equal Pay Act.

35. Defendant Jefferson City Public Schools is an employer and covered enterprise under the Equal Pay Act.

36. Defendant Jefferson City Public Schools employs teachers in its classrooms to provide instructional training to students.

37. Mr. Jones duties are performed under similar working conditions.

38. The performance of Mr. Jones' duties requires equal skill, effort and responsibility.

39. Mr. Jones was and is paid a lower wage that his female counterparts who perform similar functions under similar working conditions.

40. The pay disparity is not due to a bona fide seniority system.

41. The pay disparity is not due to a system that measures employee earnings by quantity or quality of the employee's work.

42. The disparity in pay was not due to a factor other than gender.

43. The actions of Defendant Jefferson City Public Schools were and are intentional.

44. The actions of Defendant Jefferson City Public Schools were and are malicious and/or done with reckless disregard for Mr. Jones right to be free from violations of the Equal Pay Act.

45. As a direct consequence of the treatment of Mr. Jones he has suffered lost wages and fringe benefits.

45. Under the Equal Pay Act, Mr. Jones may recover liquidated damages for a willful violation.

46. Under the Equal Pay Act, Mr. Jones may recover his reasonable attorneys' fees should he be deemed the prevailing party.

WHEREFORE for Count I of his Complaint, Mr. Jones prays for judgment against Defendant Jefferson City Public Schools as follows:

(a) that this Court adjudge and decree that Defendant Jefferson City Public Schools has violated the Equal Pay Act of 1963, as amended;

(b) that this court adjudge and decree that Defendant Jefferson City Public Schools' violation of the Equal Pay Act is willful or a reckless disregard to the rights of Mr. Jones.

(c) order Defendant Jefferson City Public Schools to make Mr. Jones whole for his loss of income and fringe benefits;

(d) grant Mr. Jones a permanent injunction enjoining Defendant Jefferson City Public Schools from continuing violations of the Equal Pay Act or retaliating against Mr. Jones and from further violating Mr. Jones' rights;

(e) award Mr. Jones liquidated damages for the willful conduct or the reckless disregard to the right of Mr. Jones;

(g) allow Mr. Jones his costs herein, including reasonable attorneys' fees; and,

(h) grant such additional affirmative relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Jones demands trial by jury on all issues in the complaint triable to a jury.

Respectfully submitted,

NASTEFF & QUINN, LLC

 /s/ R. Mark Nasteff, Jr.
R. Mark Nasteff, Jr.  MO# 38015
Amy D. Quinn  MO# 66166
Nasteff & Quinn, LLC
118 North Water Street
Liberty, Missouri 64068
Telephone Number: (816) 792-3529
Telecopier Number: (816) 781-9885
marknasteff@naqlaw.com
amyquinn@naqlaw.com

*Attorneys for Robert Jones*