# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:18-cv-04054-WJE |
| Vs. | ) |
| | ) |
| JEFFERSON CITY PUBLIC SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES Now Defendant Jefferson City Public Schools, by and through its attorneys, Schreimann, Rackers & Francka, LLC, and for its Answer to Plaintiff's Complaint states as follows:

1. The allegations in Paragraph 1 are conclusions of law to which no response is required.

2. Defendant, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. This Defendant, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies same.

4. Defendant admits that Jefferson City Public Schools is a public school district located in Cole County, Missouri. The remainder of the allegations in Paragraph 4 are conclusions of law to which no response is required.

5. The allegations in Paragraph 5 are conclusions of law to which no response is required.

6. Defendant admits the allegations of Paragraph 6.

7. The allegations in Paragraph 7 are conclusions of law to which no response is required.

8. The allegations in Paragraph 8 are conclusions of law to which no response is required.

9. Defendant denies the allegations of Paragraph 9.

10. The allegations in Paragraph 10 are conclusions of law to which no response is required.

11. This Defendant, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies same.

12. Defendant admits Mr. Jones was employed by Jefferson City Public Schools in the 2014-2015 school year. Defendant denies the remaining allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15, including all subparagraphs thereto.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20, including all subparagraphs thereto.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies the same.

30. Defendant, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies the same.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

WHEREFORE, having fully answered the allegations of the General Allegations of Plaintiff's Complaint, Defendant prays that the same be dismissed against it, allowing

it to go hence with its costs herein, and for such further relief as the Court deems just and proper in the premises.

## COUNT I

COMES NOW Defendant, by and through its attorneys, and for its Answer to Count I of Plaintiff's Complaint, states to the Court as follows:

33. In response to the allegations of Paragraph 33, Defendant incorporates herein its answers to the allegations of Paragraphs 1 through 32 as if fully stated herein.

34. Defendant admits that Mr. Jones is a male. The remainder of the allegations in Paragraph 34 allege legal conclusions and are therefore denied.

35. The allegations in Paragraph 35 are conclusions of law to which no response is required.

36. Defendant admits it employs teachers. Defendant, at this time, is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations of Paragraph 36, and therefore denies the same.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

45. The second paragraph enumerated as Paragraph 45 are conclusions of law to which no response is required.

46. The allegations in Paragraph 46 are conclusions of law to which no response is required.

Defendant denies all allegations contained in the "WHEREFORE" clause following Paragraph 46 as well as all subparagraphs thereto.

## **GENERAL DENIAL**

Defendant hereby denies all allegations not expressly admitted herein.

## **REQUEST FOR JURY TRIAL**

Defendant respectfully requests a jury trial of all factual issues.

## **AFFIRMATIVE DEFENSES**

COMES NOW Defendant, by and through its attorneys, and for its affirmative defenses applicable to all Counts of Plaintiff's Complaint, states to the Court as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by all applicable statute of limitations.

3. Any alleged pay disparity, which Defendant denies, is the result of a merit system of the Defendant.

4. Any alleged pay disparity, which Defendant denies, is the result of a seniority system of the Defendant

5. Any alleged pay disparity, which Defendant denies, is the result of a system of the Defendant which measures employee earnings by quality and/or quantity of the

employee's work.

6. Any alleged pay disparity, which Defendant denies, is the result of a factor other than gender.

7. Plaintiff is barred from seeking any claim for lost wages that is alleged to have occurred three years prior to the filing of his Complaint.

8. Plaintiff was not a teacher during the time period referenced in his Complaint.

9. Plaintiff did not meet the qualifications to be a teacher during the time period referenced in his Complaint.

10. This Defendant denies that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

11. To the extent Plaintiff seeks punitive damages against this Defendant, Defendant states: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution. Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded. The absence of directives to the jury

to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threaten to deprive these Defendants of their property without due process of law.

12. To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri. Specifically, these Defendants state that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

13. To the extent the Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against this Defendant is highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri. Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

14. This Defendant reserves the right to amend this Answer; to add additional or other affirmative defenses; to delete or withdraw affirmative defenses; and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

Respectfully submitted,

SCHREIMANN, RACKERS
& FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
cpr@srfblaw.com
rb@srfblaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on March 29, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the attorneys of record in this case.

/s/ Ryan Bertels