IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT JONES,<br><br>      Plaintiff,<br><br>vs.<br><br>JEFFERSON CITY PUBLIC SCHOOLS,<br><br>      Defendant. | Case No. 2:18-cv-4054 |

**ORDER**

Plaintiff Robert Jones brought this action for purported violations of the Equal Pay Act, alleging that he is being paid less than his female counterparts who are performing similar functions under similar working conditions. Defendant Jefferson City Public Schools ("JCPS") moves for summary judgment. For the reasons discussed below, the motion for summary judgment is granted, and Mr. Jones' claim is dismissed.

**I.    Uncontested Facts**

Mr. Jones is an employee of JCPS. Mr. Jones' Responses to Defendant Jefferson City Public Schools' Statement of Facts, Doc. 26, ¶ 1. Beginning in the 2014-2015 school year, JCPS employed him as a Credit Recovery Supervisor at the Jefferson City High School. *Id.*, ¶ 3. That position required at least sixty hours of college credit and a substitute teaching certificate. *Id.*, ¶¶ 4-7. However, a teaching certificate, though preferred, was not required. *Id.*, ¶ 7, 35. As a Credit Recovery Supervisor, Mr. Jones was paid as an aide, rather than as a certified teacher. *Id.*, ¶ 8.

For the 2015-2016 school year, Mr. Jones' position changed from Credit Recovery Supervisor to E20/20 Supervisor, and that remains his position to date. *Id.*, ¶¶ 9-10. As an

educational program with courses taught virtually by certified teachers, the E20/20 program provides JCPS students with individualized learning opportunities. *Id.*, ¶ 12. The E20/20 Supervisor's role is to supervise students in the room taking the virtual classes, ensuring that they complete their lessons. *Id.*, ¶ 13. Like the Credit Recovery Supervisor position, the E20/20 Supervisor position requires at least sixty hours of college credit and a substitute teaching certificate, and although those with teaching certificates are preferred for the position, teaching certification is not required. *Id.*, ¶ 14. Because the E20/20 Supervisor position is a non-certified position, it has its own salary schedule, and does not provide for compensation on a teacher salary schedule. *Id.*, ¶ 15. JCPS approved the salary schedule for the E20/20 Supervisor position when the JCPS Board created the position. Response to Jones' Supplemental Statement of Facts, Doc. 27, ¶ 6.

In his interrogatories, Mr. Jones stated that the basis of his comparison with regard to duties and salary in his complaint was all female teachers at Jefferson City High School. Doc. 26, ¶ 43. However, Mr. Jones concedes that the teachers being paid more than him include both males and females. *Id.*, ¶¶ 44, 46-47. JCPS teachers have a separate salary schedule, and the pay scale is the same for males and females. *Id.*, ¶¶ 48, 51.

JCPS teachers, unlike aides, provide direct instruction to students. *Id.*, ¶ 49. Teachers' duties include development of curriculum, creation of lesson plans, assessing and grading student learning, and providing learning interventions when necessary. *Id.*, ¶¶ 50, 52.[1] In contrast, as E20/20 Supervisor, Mr. Jones does not create the curriculum, lessons or assessments, set classes for students doing credit recovery or determine what E20/20 courses students take, grade students,

---

[1] The job duties that Mr. Jones describes as E20/20 Supervisor duties in paragraph 15 of his complaint in fact are the duties not of E20/20 Supervisors, but rather, of teachers at Jefferson City High School. *Id.*, ¶ 27.

or conduct teacher evaluations. *Id.*, ¶¶ 20-25, 52-53. He does not implement "individual education plans" for those students that require them. *Id.*, ¶ 39. He is not required to attend parent-teacher conferences or high school open houses. *Id.*, ¶¶ 40-41. Curriculum, instruction, and assessments for the E20/20 program are created by certified teachers, and an outside company creates the programs on the computer that the students use. *Id.*, ¶¶ 20, 23. Mr. Jones, as the only person in the E20/20 classroom during the day, takes and reports attendance—a task that aides are authorized to perform—and monitors student behavior, provides feedback, and proctors exams and quizzes. *Id.*, ¶¶ 29-30; Doc. 27, ¶¶ 35-38, 41.

Mr. Jones has a teaching certificate. Doc. 26, ¶ 26. However, Mr. Jones is not the only individual employed by JCPS who has a teaching certificate but is paid as a non-certified staff member. *Id.*, ¶ 31.

## II. Standard

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). The Court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774 (2007) (quotation marks and citation omitted).

## III. Analysis

JCPS's principal argument is that Mr. Jones cannot state a claim under the Equal Pay Act because Mr. Jones admits that both male and female teachers are paid more than he is.

3

To establish a prima facie case under the Equal Pay Act, Mr. Jones must show that JCPS "pays workers of one sex more than workers of the opposite sex for equal work." *Corning Glass Works v. Brennan,* 417 U.S. 188, 196 94 S. Ct. 2223, 2229 (1974); *see also Price v. N. States Power Co.*, 664 F.3d 1186, 1192 (8th Cir. 2011) ("To establish a prima facie case of wage discrimination a [plaintiff] must provide 'sufficient evidence' that her "employer paid different salaries to men and women for equal work performed under similar conditions."). Mr. Jones bears "the burden of proving that the jobs involve 'equal work.'" *Lawrence v. CNF Tramp., Inc.,* 340 F.3d 486, 491 (8th Cir. 2003).

Mr. Jones has admitted "that he is paid less than teachers, both male and female, for [purportedly] performing the same classroom duties and exhibiting the same skill, effort and responsibility as the teachers in the high school." Mr. Jones' Suggestions in Opposition to Defendant's Motion for Summary Judgment, Doc. 26, p. 32. In other words, he has admitted that teachers are paid more than he is, regardless of gender. However, he contends that, because he is paid less than all *female* teachers, he has a viable Equal Pay Act claim.

Mr. Jones' position is without merit. The Equal Pay Act provides a cause of action for sex-based discrimination. *See, e.g., City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 711–12, 98 S. Ct. 1370, 1377 (1978) ("The Equal Pay Act requires employers to pay members of both sexes the same wages for equivalent work, except when the differential is pursuant to one of four specified exceptions."); *Kahn v. Shevin*, 416 U.S. 351, 353, 94 S. Ct. 1734, 1736 (1974) ("Title VII of the Civil Rights Act of 1964 prohibits covered employers and labor unions from discrimination on the basis of sex, as does the Equal Pay Act of 1963.") (citations omitted). Thus, if sex-based discrimination is not the reason for disparity in pay, the disparity cannot form the basis of a claim under the Equal Pay Act.

Mr. Jones' admission that both male and female teachers are paid on the same salary schedule (Doc. 26, ¶¶ 48, 51) leaves no room for a *prima facie* case under the Equal Pay Act. The admission means that Mr. Jones now cannot show that JCPS "paid different salaries to men and women for equal work performed under similar conditions." *Price*, 664 F.3d at 1192; *see also Tenkku v. Normandy Bank*, 348 F.3d 737, 741 (8th Cir. 2003) ("An Equal Pay Act plaintiff's prima facie case—that is, one that will avoid summary judgment—consists of sufficient evidence the employer paid different salaries to men and women for equal work performed under similar conditions."). His claim therefore must be dismissed.

The Court need not address the other basis for JCPS's summary judgment motion, the argument that Mr. Jones' claim is time-barred. Not only does the above analysis dispose of the sole claim, but also, Mr. Jones himself has now clarified that he is not seeking damages for retaliation (Doc. 26, p. 32), and therefore the date of his pay reduction is irrelevant.

### IV. Conclusion

For the reasons discussed above, the Court GRANTS JCPS's motion for summary judgment. Mr. Jones' claim against JCPS is DISMISSED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: March 11, 2019  
Jefferson City, Missouri