# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT JONES,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON CITY PUBLIC SCHOOLS,<br><br>Defendant. | Case No. 2:18-cv-4054 |

## ORDER

The Court previously granted a motion by Defendant Jefferson City Public Schools ("JCPS") for summary judgment, dismissing the claim by Plaintiff Robert Jones for purported violations of the Equal Pay Act. Mr. Jones now moves, pursuant to Federal Rule of Civil Procedure 60, for reconsideration of that order, arguing that it was the product of "manifest errors of law and fact, mistake, fraud, and other reasons that justify relief, including new evidence . . . not previously provided to Plaintiff . . . ." Doc. 34 (Motion to Reconsider Summary Judgment Order), p. 1. For the reasons discussed below, the motion for reconsideration is denied.

### I. Analysis

In relevant part, Rule 60(b) permits the Court, on motion, to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; fraud, misrepresentation, or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (3), and (6). However, the "extraordinary relief" for which Rule 60(b) provides "may be granted only upon an adequate showing of exceptional circumstances."

*Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quotation marks and citation omitted). As discussed below, Jones has not shown exceptional circumstances warranting Rule 60(b) relief.

The Eighth Circuit has ruled that "relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence" is not available. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000). Here, Jones does not argue judicial inadvertence. He therefore cannot seek relief from the Court's judgment on this ground under Rule 60.

"A party is entitled to relief under Rule 60(b)(2) from an order of summary judgment where (1) the evidence was discovered after the summary judgment hearing; (2) the moving party exercised due diligence to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the evidence would probably produce a different result." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996). The purported newly discovered evidence that Jones relies upon is not material, and would not produce a different result, because it does not change the fact that Jones admitted that there are multiple male teachers in the high school where he is employed who, according to Jones, "perform[]the same classroom duties and exhibit[]the same skill, effort and responsibility" as himself. His argument that laws, rules, or regulations require him to be classified as a teacher does not establish that he might have succeeded on his claim for sex discrimination. His argument that an employer could evade liability under the EPA by hiring a token person of the same sex against which the employer intends to discriminate is purely theoretical and totally removed from the facts before the Court. Jones does not suggest that JCPS has hired a single male teacher in order to avoid liability for discriminating against him on the basis of sex. At the summary judgment stage, the Court looks at the evidence presented, and Jones presented no such evidence. For these reasons, Jones cannot procure relief from the judgment under Rule 60(b)(2).

"To prevail on a motion under Rule 60(b)(3), the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *Murphy v. Missouri Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quotation marks and citations omitted). Jones argues that JCPS made various fraudulent representations, concerning student attendance and the duties of another individual classified as a teacher. *See, generally,* Doc. 34. However, none of this alleged conduct suggests that JCPS engaged "in a fraud or misrepresentation that prevented the movant from fully and fairly presenting [his] case." Indeed, many of the arguments Jones now makes are the same ones he made in opposition to JCPS's motion for summary judgment. *Compare, e.g.,* Doc. 26 (Mr. Jones' Suggestions in Opposition to Defendant's Motion for Summary Judgment), pp. 36-37 ("Mr. Jones is the only person in his classroom during the day. Mr. Jones performs all of the duties as the teacher of record. . . . DESE requires each class to have an identified Teacher of Record who bears the responsibility of the classroom. The Teacher of Record is required to be present in the classroom. The Teacher of Record in the E20/20 classroom is listed as Carrie Welsh. . . . Ms. Welch [*sic*] is not physically present in the classroom because she physically works in the High School Counselor's office. Mr. Jones is the only certified teacher in the E20/20 classroom on a consistent and daily basis."), *with* Doc. 34, p. 17 ("In the end, the result is that both employees are designated as employees physically present in the Credit Recovery classroom, with Plaintiff performing teaching duties, while Ms. Welch does not, and yet Ms. Welch is paid a substantially higher salary than Plaintiff for, at least in part, her being fraudulently designated as the Teacher of Record."). Because the purported fraud was discussed, albeit in different terms, in Jones' opposition to summary judgment, it cannot have prevented him from fully or fairly presenting his case. Moreover, the fraud Mr. Jones alleges concerns the merits

of the case, not the process of the litigation. Relief thus is not available to Jones under Rule 60(b)(3).

"Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Murphy*, 506 F.3d at 1117. Jones does not suggest that he did not have a full and fair opportunity to litigate his claim, or that exceptional circumstances prevented him receiving adequate redress. He therefore cannot secure relief from the judgment under Rule 60(b)(6).

## II.     Conclusion

For the reasons discussed above, the Court DENIES Mr. Jones' motion for reconsideration.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 14, 2019  
Jefferson City, Missouri